NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

FEB 24 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| MARLENE LORI DICKSON, | No. 19-17215 |
| Plaintiff-Appellant, | D.C. No. 2:18-cv-01024-DJH |
| v. | |
| ANDREW M. SAUL, Commissioner of Social Security, | MEMORANDUM* |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the District of Arizona
Diane J. Humetewa, District Judge, Presiding

Argued and Submitted February 1, 2021
Phoenix, Arizona

Before: W. FLETCHER, MILLER, and HUNSAKER, Circuit Judges.

Claimant Marlene Dickson appeals from the district court's decision affirming

the Commissioner's denial of her application for disability insurance benefits under

Title II of the Social Security Act. We have jurisdiction under 28 U.S.C. § 1291.

"We review the district court's order affirming the ALJ's denial of social security

benefits de novo, and will disturb the denial of benefits only if the decision contains

---

* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

legal error or is not supported by substantial evidence." *Ford v. Saul*, 950 F.3d 1141, 1153–54 (9th Cir. 2020) (internal quotation marks omitted) (quoting *Tommasetti v. Astrue*, 533 F.3d 1035, 1038 (9th Cir. 2008)).

The Administrative Law Judge (ALJ) did not err in rejecting the assessments of Dickson's treating physicians, Drs. Laura Sherman and Loren Froelich. While a treating physician's opinion generally receives "controlling weight," *see* 20 C.F.R. § 404.1527(c)(2), "if the treating doctor's opinion is contradicted by another doctor, the ALJ may discount the treating physician's opinion by giving specific and legitimate reasons that are supported by substantial evidence in the record," *Ford*, 950 F.3d at 1154 (internal quotation marks and citation omitted). The ALJ offered specific and legitimate reasons to reject Dickson's treating physicians' opinions. Namely, the ALJ assigned those physicians' opinions little weight because they were inconsistent with the medical evidence and the physicians' own notes and this reasoning is supported by substantial evidence in the record.

Additionally, the ALJ did not err in assigning greater weight to the non-treating physicians' opinions. The ALJ assigned great weight to Dr. Karen Mansfield-Blair's opinion because it was consistent with the medical evidence and Dickson's daily activities. *See* 20 C.F.R. § 404.1527(c)(4). The ALJ also assigned partial weight to the opinions of examining physicians Drs. Neil Stafford and An Nguyen and the non-examining physician Dr. Elliot Salk because their findings of

2

mild impairments were consistent with the record. Because these conclusions are supported by substantial evidence, the ALJ did not err in assessing these medical opinions.

Finally, the ALJ did not err in discounting Dickson's symptom testimony. If a claimant has shown that an impairment "could reasonably be expected to produce the pain or other symptoms alleged," the ALJ may reject "testimony about the severity of her symptoms only by offering specific, clear and convincing reasons for doing so." *Lingenfelter v. Astrue*, 504 F.3d 1028, 1036 (9th Cir. 2007) (citations omitted). The ALJ concluded that Dickson's described daily activities were inconsistent with her allegations of disabling symptoms and limitations. Because a contradiction between daily activities and alleged limitations is a sufficient basis to reject Dickson's testimony, *see Molina v. Astrue*, 674 F.3d 1104, 1113 (9th Cir. 2012), we find no error.

**AFFIRMED.**